PER CURIAM.
This cause is before us to review the report of the referee of the Board of Governors of the Florida Bar entered January 17, 1973. The referee found respondent guilty on one count of professional misconduct and recommended a public reprimand.
Although respondent defended against the action below, he has failed to timely petition this court for review of the findings and recommendations of the referee.
The report of the referee reads, in pertinent part, as follows:
“After considering all of the pleadings, exhibits and evidence before me I find that:
“1. Respondent, on or about July 11, 1969, did receive from Flanders Thompson, Sheriff of Lee County, Florida certain sum of money of which $150.00 was due to Art Borngraeber.
“2. That respondent deposited in a ‘Trust Account’ in his name in the Lee County Bank on August 4, 1969, said funds.
“3. That respondent failed and refused to account to his client for the sum of money due him, to-wit ‘$150.00,’ until August 12, 1971.
“4. That during the period of time that respondent held said funds belonging to his client, his ‘Trust Account’ was less than the sum due and owing client.
“5. That subsequent to the filing of a complaint with the Grievance Committee the sum of $150.00 was forwarded to respondent’s client on August 12, 1971.
“6. That on numerous occasions the assets of respondent in the bank under his individual name and in the name of the Trustee’s Account were seized by the Internal Revenue Service of the United States. That the Internal Revenue Service apparently maintained close check on all accounts in the name of respondent.
“7. That respondent’s bookkeeping methods were extremely inadequate for any true and accurate accounting as to any funds going in or out of his office.
“RECOMMENDATION OF GUILT
“It is recommended that the respondent be guilty as charged in the complaint and particularly that he be found guilty of Rule 11.02 of Article XI of the Integration Rule, Cannon 11.
“RECOMMENDATION OF DISCIPLINE
“It appears to the referee that the actions of the respondent in commingling client’s funds with his own and converting them to his use were not done with the intent to deprive client of said funds but was brought about by inadequate accounting procedures, personal difficulties, and harassment by the Internal Revenue Service.
“It is recommended that respondent be administered a public reprimand and that he pay the costs of these proceedings.”
The record and the report of the referee have been examined by this Court. It is ordered that the recommendation of the referee as to guilt and discipline that respondent, W. Ed Weaver, be administered a public reprimand and pay the costs in this proceeding in the amount of $147.45 be and the same is approved and adopted as the judgment of this Court. The filing of this *300 opinion constitutes a public reprimand, and execution is hereby directed to issue for the costs against respondent.
It is so ordered.
CARLTON, C. J., and ROBERTS, BOYD, McCAIN and DEKLE, JJ„ concur.